**SO ORDERED.**

**SIGNED March 31, 2009.**



_____
ROBERT SUMMERHAYS
UNITED STATES BANKRUPTCY JUDGE
_____

```
               UNITED STATES BANKRUPTCY COURT
                WESTERN DISTRICT OF LOUISIANA

IN RE:

ELISABETH B. HAMLIN,                            CASE NO. 07-50774

      Debtor                                    Chapter 7
------------------------------------------------------------------

ELIZABETH G. ANDRUS, TRUSTEE,

      Plaintiff

VERSUS                                          ADVERSARY NO. 08-05019

WILLIAM HAMLIN,

      Defendant

------------------------------------------------------------------
                        MEMORANDUM RULING
------------------------------------------------------------------
```

The following matter is an adversary proceeding filed by ELIZABETH G. ANDRUS, the duly-appointed Chapter 7 trustee in the above-captioned bankruptcy case (the "Trustee"). The Trustee has asserted a claim for state law tortious conversion and/or avoidance

of a post-petition transfer under 11 U.S.C. §549. The court took the matter under submission following a trial on the merits. After reviewing and considering the record, the parties' arguments, and the relevant authorities, the court is prepared to rule. The following constitutes the court's findings of fact and conclusions of law supporting its ruling.

**FACTUAL BACKDROUND**

In early 2006, WILLIAM HAMLIN (the "Defendant") purchased a loose, two (2) carat princess-cut diamond for $2500 cash from a gentleman he briefly met in an insurance certification class he attended in Baton Rouge, Louisiana. Defendant then had the diamond mounted in a platinum setting and presented the ring to his wife, ELISABETH HAMLIN (the "Debtor") for her birthday in or around February 2006. The jeweler who mounted the ring appraised the value of the ring (diamond and setting) at $19,900. In or around May 2006, the Hamlins separated and the Debtor returned the ring to the Defendant to sell. The Hamlins agreed that they would split the sale proceeds between them.

At this point, the disposition of the diamond ring is less clear. Defendant testified that he placed the ring in the center console of his 2004 Isuzu Rodeo. Although the time-line is not precise, over the next six (6) to twelve (12) months (before June 2007) the Defendant left the Isuzu Rodeo at a repair lot and the

-2-

car was ultimately repossessed by the lien-holder, Section 705 Federal Credit Union. The Defendant testified that he never removed the ring from the center console of the Isuzu, and that he never made any effort to retrieve the ring after the car was repossessed.

Elisabeth Hamlin filed for relief under Chapter 7 of the Bankruptcy Code on July 5, 2007. In or around August 2007, the Trustee formally requested that the Defendant turn the ring over to the Trustee as property of the estate. At trial, the Trustee introduced e-mails between Debtor's counsel and the Trustee's counsel indicating that Defendant had the ring in his possession and that he intended to turn the ring over to the Trustee.

The Trustee filed the present action in May 2008 when Defendant failed to turn over the diamond ring. The Trustee alleges that the ring is property of the estate, and that Defendant tortiously converted the ring. The Trustee requests judgment requiring Defendant to return the ring or, in the alternative, to pay the estate the value of the ring.

## DISCUSSION

"[The bankruptcy] estate is comprised of all the property listed under section 541, **wherever located and by whomever held**, including 'all legal or equitable interests of the debtor in property as of the commencement of the case.'" Louisiana World

-3-

Exposition v. Fed. Ins. Co., 858 F.2d 233, 245 (5th Cir.1988) (emphasis added). Property of the estate includes, among other property, "all interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is (a) under the sole, equal, or joint management and control of the debtor; or (b) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable." 11 U.S.C. § 541(a)(2). The purpose of Section 541(a)(2) is "to pass to the bankruptcy estate the community property which would otherwise be available under applicable state law for the satisfaction of claims against the debtor." 5 Collier on Bankruptcy, ¶ 541.13[1] (15th ed. 2007). Under Louisiana Civil Code article 2338, community property comprises, in relevant part, all property acquired during the existence of the legal regime through the effort, skill or industry of either spouse, and the natural and civil fruits of community property. Moreover, assets in a spouse's possession during the existence of the community regime are presumed to be community. La. Civ. Code art. 2340. Applying these standards to the present case, the diamond ring at issue was an interest of the Debtor in community property at the commencement of the case that was liable for an allowable claim against the Debtor, or for both an allowable claim against the Debtor and an allowable claim against the Debtor's spouse.

The Trustee contends that Defendant is liable for tortious conversion under Louisiana law for failing to turn the diamond ring over to the Trustee.  The Trustee alternatively seeks avoidance under 11 U.S.C. §549 (post-petition transfers) and recovery of the value of the ring under 11 U.S.C. §550.  Ordinarily, the Trustee could seek an order under  11 U.S.C. §542 requiring the Defendant to turn the ring over to the Trustee.  However, Defendant asserts that the ring has been lost and that he no longer has possession, custody, or control of the ring.  Under Louisiana law, "a conversion consists of an act in derogation of the plaintiff's possessory rights, and any wrongful exercise or assumption of authority over another's goods, depriving him of the possession, permanently or for an indefinite time, is a conversion." Quealy v. Paine, Webber, Jackson & Curtis, Inc., 475 So.2d 756, 760 (La.1985).  The intent requirement for conversion is not conscious wrongdoing, but rather, an intent to exercise a dominion or control over the goods that is inconsistent with another's rights. La. State Bar Ass'n v. Hinrichs, 486 So.2d 116, 121 (La.1986); see also Tubos de Acero de Mexico, S.A. v. American Intern. Inv. Corp., Inc. 292 F.3d 471, 479 (5th Cir. 2002) (discussing the elements of conversion under Louisiana law) (Stewart, J.)   A conversion is committed "when any of the following occurs: 1) possession is acquired in an unauthorized manner; 2) the chattel is removed from

-5-

one place to another with the intent to exercise control over it; 3) possession of the chattel is transferred without authority; 4) **possession is withheld from the owner or possessor**; 5) the chattel is altered or destroyed; 6) the chattel is used improperly; or 7) ownership is asserted over the chattel." See Dual Drilling Co. v. Mills Equipment Investments, Inc., 721 So.2d 853, 857 (La. 1998) (emphasis added); see also Frank L. Maraist & Thomas C. Galligan, Louisiana Tort Law § 1-2, at 3 (1996 & Supp.1998). A mistake of law or fact is not a defense. Id. Further, "[i]t is of no importance what subsequent application was made of the converted property, or that defendant derived no benefit from his act." Quealy, 475 So.2d at 760.

Applying the law to the evidence in the present case, the court finds in favor of the Trustee on her conversion claim. Defendant contends that the Debtor voluntarily gave him possession of the ring to sell and that he inadvertently lost possession and/or control of the ring after his car was repossessed prior to the commencement of Debtor's case. Defendant further claims that he knew the ring was in the car, but made no effort to retrieve the ring. Even assuming the truth of Defendant's version of events, his conduct amounts to conversion because he was given possession of the ring solely for purposes of selling the ring and his subsequent actions – i.e. placing the ring in a car and allowing

-6-

the car to be repossessed without any effort to retrieve the ring – were inconsistent with the Debtor's ownership interests. However, considering the value of the ring and Defendant's conduct after the commencement of the bankruptcy case, the court does not find credible Defendant's testimony that he simply surrendered possession of the ring to the lien-holder and went on his way. The testimony of the Trustee and the e-mail correspondence introduced at trial indicate that Defendant, at a minimum, had control over (if not physical possession of) the ring when the Trustee demanded that the ring be turned over. This evidence shows that Defendant acknowledged that he had possession or control over the ring at the time the Trustee demanded its return, and that Defendant agreed to turn the ring over to the Trustee. Almost nine months then elapsed, and the Trustee brought this action when Defendant failed to follow through and return the ring. By failing to return the ring on demand, Defendant tortiously converted property of the estate. Dual Drilling Co. v. Mills Equipment Investments, Inc, 721 So.2d at 857 (A conversion is committed "when any of the following occurs: ... possession is withheld from the owner or possessor....") The damages for tortious conversion is "the value of the property at the time of the conversion" when the defendant is unable to restore the property to the rightful owner or possessor. Id. at 858. In the present case, the written

-7-

appraisal in the record is the only credible evidence of the value of the ring (diamond and band) at the time of conversion. According to the appraisal, the "current retail value" of the ring at the time of the appraisal was $19,900. The parties introduced no additional evidence on value that would support a change in the value prior to conversion. Accordingly, the Trustee is entitled to judgment in the amount of $19,900. Given the court's ruling with respect to conversion, the court need not reach the Trustee's alternative basis for relief under Section 549.

## CONCLUSION

For the foregoing reasons, the court enters judgment in favor of the Trustee in the amount of **NINETEEN THOUSAND NINE HUNDRED AND NO/100 ($19,900.00) DOLLARS**. Counsel for the Trustee shall submit a judgment in conformity with the foregoing ruling within twenty (20) days.